IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 14-3132 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JEROLD W. BARRINGER, ) | |
| Individually and as trustee of the ) | |
| KELBAR ASSOCIATES TRUST, ) | |
| LINDA M. BARRINGER, ) | |
| JANET E. CHOTT-BEASELY, ) | |
| MEREL WERNLE, STATE OF ) | |
| ILLINOIS (DEPARTMENT ) | |
| OF REVENUE), and ) | |
| RON JENKINS, MONTGOMERY ) | |
| COUNTY TREASURER, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

The United States of America, at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. Sections 7401 and 7402, brings this action (1) to reduce to judgment outstanding liabilities for internal revenue taxes of the defendant-taxpayers, Jerold W. Barringer and Linda M. Barringer, and for other penalties, and (2) to enforce the associated tax liens against real estate known as 200 West Front Street, Nokomis, IL 62075 ("the Real Property"), and for its Complaint, complains and alleges that:

1

## Jurisdiction and Parties

1. Jurisdiction over this action is conferred upon the district court in 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402(a) and 7403.

2. Defendant-taxpayers Jerold W. Barringer and Linda M. Barringer reside in Nokomis, IL, within the jurisdiction of this Court.

3. Defendant Kelbar Associates Trust is a purported trust operating within this Court's jurisdiction. It is named as a party to this action as required by 26 U.S.C. § 7403(b) for the reason that it has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

4. Defendant Janet E. Chott-Beasely is an individual with a residence within this Court's jurisdiction. She is named as a party to this action as required by 26 U.S.C. § 7403(b) for the reason that she has, or may claim, an interest in the property upon which the United States seeks to enforce its lien

5. Defendant Merle Wernle is an individual with a residence within this Court's jurisdiction. He is named as a party to this action as required by 26 U.S.C. § 7403(b) for the reason that he has, or may claim, an interest in the property upon which the United States seeks to enforce its lien.

6. Defendant State of Illinois (Department of Revenue) is a government agency subject to this Court's jurisdiction. It is named as a party to this action as required by 26 U.S.C. § 7403(b) for the reason that it has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

7. Defendant Ron Jenkins, the Montgomery County Treasurer, is a government official subject to this Court's Jurisdiction. He is named as a party to this action in his official

capacity as required by 26 U.S.C. § 7403(b) for the reason that he has, or may claim, an interest in the property upon which the United States seeks to enforce its lien.

## The Subject Property

8. The real property upon which the United States seeks to enforce its federal tax liens is commonly known as 200 West Front Street, Nokomis, IL 62075 ("the Real Property"), and is situated within the Central District of Illinois, Springfield Division. The Real Property is described as Follows:

> Lot Twelve (12) in Block Nineteen (19) situated in the City of Nokomis, Montgomery County, Illinois, subject to all easements and restrictions of record, and excepting all coal, oil, gas, and other mineral rights previously conveyed or reserved, if any, with the right to mine and remove the same.
>
> Permanent Index Number 08-23-152-010. Being the Property conveyed to "Kelbar Associates Trust" by deed of Horseplayers Edge, LLC, dated June 9, 2011, and recorded with the Montgomery County Clerk and Recorder at Book 1443, Page 456-458, Instrument 201100064295.

9. Record title to the Real Property was transferred into the name of "Kelbar Associates Trust" through a Corporate Warranty Deed dated June 9, 2011 (the "Deed"), and recorded the same day with the Montgomery County Clerk and Recorder's office at Book 1443, Page 456-458. According to that Deed, the Real Property was conveyed into the name of "Kelbar Associates Trust" by Horseplayers Edge, LLC, for ten dollars ($10.00), and other good and valuable consideration. The Deed was signed by Jerold W. Barringer, managing Director, Horseplayers Edge, LLC.

## COUNT ONE
### (Claim to Reduce Liabilities to Judgment Against Jerold W. Barringer)

10. The United States incorporates paragraphs 1 through 9, above.

11.     A delegate of the Secretary of the Treasury made assessments in accordance with the law against Jerold W. Barringer for income taxes, penalties and interest, for the taxable year, on the dates, of the types, and other civil penalties, and in the amounts set forth in the following table, which have balances due with costs and fees calculated as of May 1, 2014, as follows:

| Taxable Year | Assessment Dates | Type of Assessment | Amount Assessed | Balance Due as of 5/1/2014 |
|---|---|---|---|---|
| 2000 | 08/14/2006<br>08/14/2006<br>08/14/2006<br>10/20/2008 | Tax<br>Late Filing Penalty<br>Interest Assessed<br>Failure to Pay<br>**TOTAL** | $24,485.00<br>$6,121.25<br>$10,872.84<br>$6,121.24 | **$66,795.37** |
| 2000 | 12/31/2011 | Civil Penalty<br>**TOTAL** | $1,200.00 | **$1,398.90** |

12.     Notice of each tax assessment described in paragraph 11, above, and demand for payment were sent to defendant-taxpayer Jerold W. Barringer on the date of each of the tax or penalty assessments.

13.     Despite such notice and demand, defendant-taxpayer Jerold W. Barringer failed, neglected, or refused to fully pay the assessed liabilities described in paragraph 11, above, and there remains due and owing to the United States with respect thereto, the sum of $68,194.27, plus interest and other statutory additions accruing from and after May 1, 2014.

**COUNT TWO**
**(Claim to Reduce Tax Liabilities to Judgment Against**
**Jerold W. Barringer and Linda M. Barringer)**

14.     The United States incorporates paragraphs 1 through 13, above.

15. A delegate of the Secretary of the Treasury made assessments in accordance with the law against Jerold W. Barringer and Linda M. Barringer jointly for income taxes, penalties, and interest for the taxable years, on the dates, of the types, and in the amounts set forth in the following table, which have balances due with costs and fees as of May 1, 2014, as follows:

| Taxable Year | Assessment Dates | Type of Assessment | Amount Assessed | Balance Due as of 5/1/2014 |
|---|---|---|---|---|
| 1999 | 12/25/2000 | Tax | $2,4163.57 | |
| | 03/28/2005 | Late Filing Penalty | $2,459.76 | |
| | 03/28/2005 | Penalty | $2,595.85 | |
| | 03/28/2005 | Additional Tax | $9,882.23 | |
| | 03/28/2005 | Interest | $6,246.68 | |
| | 10/20/2008 | Failure to Pay Penalty | $3,244.81 | |
| | | TOTAL | | $42,289.06 |
| 2008 | 06/01/2009 | Tax | $7,464.00 | |
| | 06/01/2009 | Estimated Penalty | $288.62 | |
| | 06/01/2009 | Failure to Pay Penalty | $63.97 | |
| | 06/01/2009 | Interest | $34.84 | |
| | 10/26/2009 | Failure to Pay Penalty | $271.62 | |
| | | TOTAL | | $9,138.39 |
| 2009 | 08/02/2010 | Tax | $4,238.00 | |
| | 08/02/2010 | Failure to Pay | $67.58 | |
| | 08/02/2010 | Interest | $40.60 | |
| | | TOTAL | | $4,724.95 |
| 2010 | 05/30/2011 | Tax | $6,320.00 | |
| | 05/30/2011 | Failure to Pay | $48.01 | |
| | 05/30/2011 | Interest | $24.09 | |
| | 06/20/2011 | Additional Tax | $356.00 | |
| | | TOTAL | | $7,676.23 |

16. Notice of each tax assessment described in paragraph 15, above, and demand for payment was sent to defendant-taxpayers Jerold W. Barringer and Linda M. Barringer on the dates of each tax assessment.

17. Despite such notice and demand, defendant-taxpayers Jerold W. Barringer and Linda M. Barringer have failed, neglected, or refused to fully pay the assessed liabilities described in paragraph 15, above, and there remains due and owing to the United States with

respect thereto, the sum of $63,828.63, plus interest and other statutory additions accruing from and after May 1, 2014.

**COUNT THREE**
**(Claim to Enforce Federal Tax Liens Against Real Property)**

18. The United States incorporates paragraphs 1 through 17 above.

19. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of neglect, refusal or failure by the defendants Jerold W. Barringer and Linda M. Barringer to pay the assessments described in paragraphs 11 and 15, above, after notice and demand, federal tax liens in the amount of the original assessments, plus interest and other statutory additions, arose on the dates of the assessments, and attached to all property and rights to property of the defendants Jerold W. Barringer and Linda M. Barringer, including the Real Property.

20. Jerold W. Barringer has used the Kelbar Associates Trust to keep his property out of the reach of creditors, including the United States, by funneling all of his money through a bank account in the name of that trust and titling real property in the name of that trust. Funds belonging to Jerold W. Barringer were deposited into the bank account and were used to pay all household and family expenses.

21. On information and belief, the defendants Jerold W. Barringer retains possession and control of the Real Property, despite the fact that record title for the property may be held in the name of the Kelbar Associates Trust.

22. The defendant Kelbar Associates Trust is a sham and not a valid trust, but holds title to the Real Property as the nominee or alter ego of the defendant Jerold W. Barringer, the true equitable owner of the Real Property.

23. On April 11, 2007, a Notice of Federal Tax Lien was filed in accordance with 26 U.S.C. § 6323(f) in the Montgomery County Clerk and Recorder's office at Book 1189, Page

115, in the names of Jerold W. and Linda M. Barringer. A second Notice of Federal Tax Lien was filed in accordance with 26 U.S.C. § 6323(f) on April 11, 2007 in the Montgomery County Clerk and Recorder's office at Book 1189, Page 116, in the name of Jerold W. Barringer. A third Notice of Federal Tax Lien was filed in accordance with 26 U.S.C. § 6323(f) on November 1, 2010, in the Montgomery County Clerk and Recorder's office at Book 1412, Page 33, in the name of Jerold W. and Linda M. Barringer. A fourth Notice of Federal Tax Lien was filed in accordance with 26 U.S.C. § 6323(f) on August 29, 2011, in the Montgomery County Clerk and Recorder's office at Book 1454, Page 260, in the name of Jerold W. and Linda M. Barringer. A fifth Notice of Federal Tax Lien was filed in accordance with 26 U.S.C. § 6323(f) on March 14, 2013, in the Montgomery County Clerk and Recorder's office at Book 1540, Page 926, in the name of Kelbar Associates Trust, as Alter Ego of Jerold W. Barringer.

24.     The Federal Tax Liens against the defendant Jerold W. Barringer, including property held in the name of the Kelbar Associates Trust, as alter ego and nominee of Jerold W. Barringer, should be enforced against the Real Property, the Real Property should be sold free and clear of all rights, titles, claims liens and interest of the parties, including any right of redemption, and the proceeds of the sale should be distributed, after the payment of the cost of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), first to the United States to pay the tax debts described herein and then to the other parties in accordance to law, or as otherwise ordered by the Court.

WHEREFORE, the plaintiff United States of America prays for judgment:

A.     In favor of the plaintiff United States of America and against defendant-taxpayer Jerold W. Barringer for his unpaid federal tax liabilities and accruals for the taxable year 2000,

and other civil penalties from the same year, in the amount of $68,194.27, plus such additional amounts as may continue to accrue from and after May 1, 2014, as provided by law;

B. In favor of the plaintiff United States of America and against defendant-taxpayers Jerold W. Barringer and Linda M. Barringer, jointly and severely, for their unpaid federal tax liabilities and accruals for the taxable years 1999, 2008, 2009, and 2010 in the amount of $63,828.63, plus such additional amounts as may continue to accrue from and after May 1, 2014, as provided by law;

C. Determining that all property and rights to property belonging to the defendants Jerold W. Barringer and Linda M. Barringer, including the Real Property, are subject to the federal tax liens securing the liabilities described in this Complaint;

D. Enforcing the Federal Tax Liens securing the liabilities described in this Complaint upon the real Property by ordering the sale of the Real Property, free and clear of any rights, titles, claims liens and interest of the parties, including any right of redemption, and the proceeds of the sale should be distributed, after the payment of the cost of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), first to the United States to pay the tax debts described herein and then to the other parties in accordance to law, or as otherwise ordered by the Court; and

E. Awarding the United States of America such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

KATHRYN KENEALLY
Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/Carina C. Federico*
Carina C. Federico
Steven M. Dean
Karen A. Smith
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 307-6499 / Fax: (202) 514-5238
Email: Steven.M.Dean@usdoj.gov