IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED
JUL 0 9 2014
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| -vs- | ) 14-3132 |
| Jerold W. Barringer, Individually and as Trustee of the Kelbar Associates Trust, Linda M. Barringer, Janet E. Chott-Beasely, Merle Wernle, State of Illinois, (IDOR), and Ron Jenkins, Montgomery County Teasurer | ) |
| Defendants, | ) |

## MOTION TO DISMISS

Come Now Defendants, Jerold Barringer and Linda Barringer, and for their Motion to Dismiss, pursuant to F.R.C.P. Rule 12(b), and as applied, to additional F.R.C.P. rules, states as follows:

1. Plaintiff alleges that it is the United States of America and that it has the right to proceed forward with the litigation based upon specific statutes. However, those statutes require specific officials to issue documents authorizing this activity. Plaintiff has not attached those documents to the complaint, nor even referenced when, if at all, the documents were actually prepared. Plaintiff needs to demonstrate that the documents were actually prepared. If the documents were not specifically prepared, then Plaintiff has no jurisdiction to proceed with this action, as required by 26 USC Sec. 7401, 7403 and their regulations. This then violates FRCP Rule 12(b) warranting dismissal of the action.

2. Plaintiff lists as a defendant, both in the caption and in paragraph 3 under jurisdiction,

Kelbar Associates Trust. However, Plaintiff failed to serve Kelbar Associates Trust at what is described as Trust headquarters, 200 W. Front St., Nokomis, IL 62075. Even if Plaintiff does not believe Kelbar Associates Trust is a defendant, it is the owner of property located at 200 W. Front St., Nokomis, IL 62075. Therefore, Kelbar Associates Trust must be made a party to the action, pursuant to 12(b)(7) and Rule 19. Since Plaintiff has failed to include Kelbar Associates Trust as a party defendant, this then violates FRCP Rule 12(b) warranting dismissal of this action. Single service (not even multiple service) upon a named individual defendant is not, and cannot be service upon the named Trust. This then violates FRCP Rule 4, nor did Plaintiff seek a waiver of the service by letter or other notice pursuant to FRCP Rule 4(d). Striking Kelbar Associates Trust as a party to this action may be warranted, even if harsh, unless Plaintiff cures this problem. At a minimum, Kelbar Associates Trust is entitled to proper notice and service or waiver, prior to being obligated to respond to any such pleadings.

3. Plaintiff alleges that it is the United States. However, it is not listed in the parties section of the complaint, and no specific agency of the United States is specifically identified as the plaintiff. The complaint fails to identify the necessary party as plaintiff in violation of FRCP Rules 10, and 12. In addition, 4 USC Sec. 72, "All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law", states that all heads of government offices are located in and can only operate in Washington D.C. unless specifically authorized otherwise. The only Plaintiff, United States of America is inadequate.

Though Plaintiff, whichever organization that may be, has alleged that it has authority to sue, it has failed to demonstrate that it has the specific authority to take the necessary actions described by 4 USC Sec. 72, nor has the Plaintiff demonstrated that it had any authority to take any action prior

to the initiation of the litigation, as required by 4 USC Sec. 72. In fact, specific direction by Congress, not an agency, is required before any government organization headquartered in Washington, D.C. can proceed. Plaintiff has not alleged it, and may not have such authority. This then violates FRCP Rule 12(b) warranting dismissal of this action.

4. Plaintiff has also failed to properly attach to the complaint the copy of the Notice of Federal Tax Lien for which the Plaintiff makes a claim. This violates FRCP Rule 10(a) & (c) in that the Notice of Federal Tax Lien is the only identifiable evidence of any claimed lien, yet is not attached so that Defendants have the opportunity to determine whether such a Notice of Federal Tax Lien appears to be valid or not, or how and when they could challenge the validity of any such lien. Without the Notice of Federal Tax Lien, Defendants are incapable of properly admitting or denying many of the crucial paragraphs of the complaint. Therefore, Plaintiff has failed to state a cause of action upon which relief can be granted pursuant to FRCP Rule 12(b) warranting dismissal of this action.

5. As to the actual pleading, Plaintiff has included a number of what appear to be facts in support of the complaint in the opening, unnumbered paragraph. This violates FRCP Rule 10 and Rule 12(b) requiring all such allegations to be specifically numbered and pled. If the information in the opening paragraph is not required for the allegations, then the opening paragraph is surplusage that should be stricken pursuant to FRCP Rule 12(f). In either case, the complaint fails to clearly and succinctly properly plead all relevant facts in numbered paragraphs in violation of FRCP Rule 12(b) or (f) warranting dismissal of this action.

6. Plaintiff alleges that Defendant Merle Wernle is an individual within this Court's jurisdiction. Plaintiff does not allege where Defendant Wernle resides, and is particularly elusive

on the point of Defendant Wernle's whereabouts. Defendant Wernle is a resident of Highland, in either Bond or Madison County, Illinois. That is not within the territorial jurisdiction of this District Court as defined by 28 USC Sec. 93(b), which defines the jurisdictional territory of the Central District of Illinois courts. Defendant Wernle is within 28 USC Sec. 93(c), and the jurisdictional territory of the Southern District of Illinois. As such, the allegation contained in paragraph 5 of the jurisdiction section of the complaint is factually, and potentially facially inaccurate. That allegation, and the language associated with that allegation should be stricken as being in violation of FRCP Rule 12(b), warranting dismissal of the action.

      7. Plaintiff alleges that it has the authority, through the Department of Treasury (see point 3 above) or through the Internal Revenue Service, to take all actions necessary to effectuate a judgment on the property, a seizure of the property, and a sale of the property against any number of Defendants. If Merle Wernle has a valid judgment lien with its priority, then his lien would far exceed and eliminate any claims to property by the Plaintiff, or the value of the property, even if either Wernle or Plaintiff could establish that the property belongs to the individual Defendants. Thus, there is no basis for recovery that Plaintiff could ever effectuate or accomplish against 200 W. Front Street, to reach its end position. Under the circumstances, Plaintiff has failed to state a cause of action upon which relief can be granted, as no relief can be granted, warranting dismissal pursuant to Rule 12(b)(6).

      8. Plaintiff alleges that it has the authority, through the Department of Treasury (see point 3 above) or through the Internal Revenue Service, to take all actions necessary to effectuate a judgment on the property, a seizure of the property, and a sale of the property against any number of Defendants. Plaintiff alleges in the complaint in numerous places, such as paragraph, 12 Count

I; paragraph 16, Count II, and paragraph 19, Count III, that it has properly sent notices of tax assessments to Defendants on the alleged amount of tax claimed due. Under the currently written regulations, which have been in existence since the 1950's, and largely unchanged since any substantive rewrites of the Internal Revenue Code in 1998, the IRS is required to operate through a series of internal revenue districts, 26 CFR 601.101, with each district's director having is own personal seal. 26 USC Sec. 7514. Within that framework, the district director would receive funds from sales, would do advertising, and would do all necessary steps to effectuate any sales associated with this litigation. In addition, pursuant to those same regulations that have not been altered, the district director's office handles all collections, 26 CFR 301.6301-1. "The taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue. See, however, section 6304, relating to the collection of certain taxes under the provisions of the Tariff Act of 1930 (19 U.S.C. ch. 4)." The district director has other obligations. "Where it is not otherwise provided by the Code, the district director or the director of the regional service center shall, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." The district director must canvass his "district" to determine if there are taxes due. § 301.7601-1 Canvass of districts for taxable persons and objects. Each district director shall, to the extent he deems it practicable, cause officers or employees under his supervision and control to proceed, from time to time, through his district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed. This was not performed. Finally, the definition of a district director has not changed, despite any possible changes in the law, whether authorized by Congress or otherwise. §

301.7701-10 District director. The term district director means the district director of internal revenue for an internal revenue district. The term also includes the Assistant Commissioner (International).

No such office exists, and there is no adequate explanation as to why no such office exists, and why the regulations remain in place, and yearly reaffirmed, for 60 years, and more than 16 years after any substantive changes to the law. Since the IRS is a creature of creation through the regulations, and with no statutory grant of existence, it must follow all the regulations to continue to operate. Under the circumstances, the complaint fails to state a cause of action upon which relief can be granted warranting dismissal pursuant to Rule 12(b).

9. Plaintiff alleges that it has the authority, through the Department of Treasury (see point 3 above) or through the Internal Revenue Service, to take all actions necessary to effectuate a judgment on the property, a seizure of the property, and a sale of the property against any number of Defendants. Plaintiff alleges in the complaint in numerous places, such as paragraph, 12 Count I; paragraph 16, Count II, and paragraph 19, Count III, that it has properly sent notices of tax assessments to Defendants on the alleged amount of tax claimed due. However, Defendants do not believe that Plaintiff fulfilled the requirements of § 301.6320-1 Notice and opportunity for hearing upon filing of notice of Federal tax lien, and as such, that failure would be a failure to comply with all conditions precedent to proceeding on this matter, warranting dismissal of the action pursuant to Rule 12(b).

10. Plaintiff alleges that it has the authority, through the Department of Treasury (see point 3 above) or through the Internal Revenue Service, to take all actions necessary to effectuate a judgment on the property, a seizure of the property, and a sale of the property against any number

of Defendants. Plaintiff alleges in the complaint in numerous places, such as paragraph, 12 Count I; paragraph 16, Count II, and paragraph 19, Count III, that it has properly sent notices of tax assessments to Defendants on the alleged amount of tax claimed due. However, Defendants are unsure, but do not believe the form complies with state law, 770 ILCS para. 5/110-1, et seq., and Defendants are unsure, but do not believe any notices of federal tax lien were properly executed by the person attesting and certifying on the form, in that the person may not actually have reviewed any documents or any files in advance of making claims that the liens are valid. Defendants are also unsure if the notices have been filed in the correct location. § 301.6323(f)-1 Place for filing notice; form, as compared by state law. Without those documents being attached, it is impossible to reach any firm conclusions with respect to validity and authenticity, and therefore impossible to admit or deny any paragraphs that apply thereto. Under the circumstances, those paragraphs are sufficiently unclear, and since those paragraphs are critical to the formation of the complaint, this then warrants the striking of those paragraphs and a dismissal of the action pursuant to Rule 12(b) until Plaintiff can acquire more information as to the validity of any alleged tax liens.

11. Plaintiff alleges that it has the authority, through the Department of Treasury (see point 3 above) or through the Internal Revenue Service, to take all actions necessary to effectuate a judgment on the property, a seizure of the property, and a sale of the property against any number of Defendants. The IRS is a creature of regulation creation. Under the currently written regulations, which have been in existence since the 1950's, and unchanged since any substantive rewrites of the Internal Revenue Code in 1998, the IRS is required to operate through a series of internal revenue districts, 26 CFR 601.101, with each district's director having is own personal seal. 26 USC Sec. 7514. Within that framework, the district director would receive funds from sales, would do

advertising, and would do all necessary steps to effectuate any sales associated with this litigation.

No such office exists, and there is no adequate explanation as to why no such office exists, and why the regulations remain in place, and yearly reaffirmed, for 60 years, and more than 16 years after any substantive changes to the law. This also, in spite of the fact that one new statutory provision specifically called for action by the district director. Under the circumstances, the complaint fails to state a cause of action upon which relief can be granted warranting dismissal pursuant to Rule 12(b).

12. Finally, Plaintiff has failed to demonstrate that it has the authority or permission to appear in the Central District of Illinois without acknowledging the approval of, or consent to appear of the local United States Attorney, who is in charge of all actions filed on behalf of the government in the Central District of Illinois. Until that has been established, the complaint should be stricken and the matter dismissed pursuant to FCRP Rule 12.

For each and all of these reasons, Defendants request the Complaint and each specific section thereof, be stricken and dismissed.

WHEREFORE, Defendants Jerold Barringer and Linda Barringer request the Court grant their Motion to Dismiss the Complaint.

Jerold Barringer
200 W. Front St.
P.O. Box 213
Nokomis, IL 62075
217/563-2646

-8-

*Linda Barringer* (signature)

Linda Barringer
200 W. Front St.
P.O. Box 213
Nokomis, IL 62075
217/563-2646

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the attorneys for Plaintiff Steven M. Dean, Trial Attorneys, Tax Division, P.O. Box 55, Ben Franklin Station, Washington, DC 20044, by enclosing the same in an envelope, postage prepaid, and deposited in the U.S. Mail in Nokomis, IL 62075 on the 9th day of July, 2014 before 5:00 p.m.

*Jerold Barringer* (signature)

Jerold Barringer