IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-3132 |
| | ) | |
| **JEROLD W. BARRINGER,** | ) | |
| Individually and as trustee of the | ) | |
| **KELBAR ASSOCIATES TRUST,** | ) | |
| **LINDA M. BARRINGER, JANET** | ) | |
| **E. CHOTT-BEASLEY, MERLE** | ) | |
| **WERNLE, STATE OF ILLINOIS** | ) | |
| **(DEPARTMENT OF REVENUE), and** | ) | |
| **RON JENKINS, MONTGOMERY** | ) | |
| **COUNTY TREASURER,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 10) filed by Defendants Jerold W. Barringer and Linda M. Barringer. The Motion is DENIED. The Complaint states a cause of action, and the Barringers' other arguments do not warrant dismissal of the Complaint.

**I. BACKGROUND**

The Internal Revenue Service has the authority to make assessments of all unpaid taxes. See 26 U.S.C. § 6201 ("The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes"); 26 C.F.R. § 301.6201-1 (delegating assessment authority to the district director of the Internal Revenue Service). After the Internal Revenue Service makes an assessment of tax liability, it must "give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" within 60 days of the assessment. 26 U.S.C. § 6303. If, after receiving notice and a demand to pay, the taxpayer does not pay the assessment, a lien attaches to all property belonging to the taxpayer. 26 U.S.C. § 6321; see also 26 U.S.C. § 6320 (setting forth the notice-of-lien requirements). The lien also attaches to all property "held by the taxpayer's nominees—someone who has legal title when, in substance, the taxpayer enjoys the benefits of ownership." United States v. Wesselman, 406 F. App'x 64, 65 (7th Cir. 2010) (unpublished).

On May 2, 2014, the United States of America filed a Complaint seeking to reduce to judgment the outstanding liability

for internal revenue taxes of Jerold W. Barringer and Linda M. Barringer and to enforce the associated tax liens against real estate known as 200 West Front Street, Nokomis, Illinois (the Nokomis Property). Compl. (d/e 1). The Complaint also names as interested parties the following persons having liens or claiming any interest in the Nokomis Property: Kelbar Associates Trust; Janet E. Chott-Beasley; Merle Wernle; State of Illinois (Department of Revenue); and Ron Jenkins, Montgomery County Treasurer, in his official capacity. Compl. ¶¶ 3-7.

Count 1 alleges that a delegate of the Secretary of Treasury made assessments against Jerold W. Barringer for income taxes, penalties, and interest for tax year 2000. Compl. ¶ 11. Notice of each tax assessment and a demand for payment was sent to Jerold W. Barringer on the date of each of the tax or penalty assessments. Id. ¶ 12. Despite demand and notice, Jerold W. Barringer failed to pay the assessed liabilities. Id. ¶ 13. The United States seeks judgment in the amount of $68,194.27, plus such additional amounts as may continue to accrue from and after May 1, 2014.

Count 2 alleges that a delegate of the Secretary of Treasury made assessments against Jerold W. Barringer and Linda M.

Barringer jointly for income taxes, penalties, and interest for tax years 1999, 2008, 2009, and 2010. Compl. ¶ 15. Notice of each tax assessment and a demand for payment was sent to Jerold W. Barringer and Linda M. Barringer on the date of each of the tax or penalty assessments. Id. ¶ 16. Despite demand and notice, Jerold W. Barringer and Linda M. Barringer failed to pay the assessed liabilities. Compl. ¶ 17. The United States seeks judgment in the amount of $63,828.63, plus such additional amounts as may continue to accrue from and after May 1, 2014.

Count 3 alleges that, pursuant to 26 U.S.C. § 6321 and § 6322 and as a result of the Barringers' failure to pay the assessments, a federal tax lien arose and attached to all property and rights to property of the Barringers, including the Nokomis Property. Compl. ¶ 19. The Nokomis Property is titled in the name of Kelbar Associates Trust. Id. ¶ 9.

Specifically, the Complaint alleges that on June 9, 2011, Horseplayers Edge, LLC conveyed the Nokomis Property to Kelbar Associates Trust. Compl. ¶ 9. The Deed was signed by Jerold W. Barringer, Managing Director, Horseplayers Edge, LLC. Id. According to the allegations in Count 3, Jerold W. Barringer has

used Kelbar Associates Trust to keep his property out of reach of creditors by funneling his money through a bank account in the name of Kelbar Associates Trust and titling real property in the name of that trust. Id. ¶ 20. The Complaint alleges that Kelbar Associates is not a valid trust and holds title to the Nokomis Property as the nominee or alter ego of Jerold W. Barringer, who is the true, equitable owner of the Nokomis property. Id. ¶ 22. Notices of Federal Tax Liens were filed in the Montgomery County Clerk and Recorder's office. Id. ¶ 23.

The United States seeks a judgment that all property and property rights belonging to the Barringers are subject to the federal tax liens. The United States also asks the Court to enforce the federal tax liens upon the Nokomis Property.

The United States served Jerold W. Barringer, individually and as Trustee of the Kelbar Associates Trust, and Linda M. Barringer. See Summons (d/e 2, 6); Return of Service (d/e 13, 14). On July 9, 2014, the Barringers, appearing pro se, filed a Motion to Dismiss (d/e 9). The Court notes that the Barringers' Motion does not comply with this Court's Local Rules. See CDIL-LR 7.1(B)(1) ("Every motion raising a question of law . . . must include a memorandum

of law"). Nonetheless, the United States addresses the Motion on the merits, and this Court will do the same.

## II. JURISDICTION

This is an action filed by the United States to reduce the taxpayer defendants' tax liabilities to judgment and to enforce the federal tax liens against real property. The Court has jurisdiction pursuant to 26 U.S.C. § 7402 (providing that the district courts have jurisdiction to render judgments necessary or appropriate for the enforcement of internal revenue laws); § 7403 (providing that a civil action may be filed in the district court to enforce a lien where there has been a refusal or neglect to pay any tax); 28 U.S.C. § 1340 (providing that the district courts have original jurisdiction of civil actions arising under internal revenue laws); and 28 U.S.C. § 1345 (providing that the district courts have original jurisdiction of all civil actions commenced by the United States).

Venue is proper in this Court because the Nokomis Property is located in Montgomery County. See 28 U.S.C. § 1391 (providing that a civil action may be brought in the judicial district in which "a substantial part of the property that is the subject of the suit is

situated"); CDIL-LR 40.1(B) (cases arising out of Montgomery County are filed in the Springfield Division).

### III. ANALYSIS

In their Motion to Dismiss, the Barringers raise numerous arguments, which the United States has helpfully divided into three categories: (1) an argument under Rule 12(b)(2) and (7) that the United States did not properly serve one of the parties; (2) numerous arguments asserting that the United States failed to state a claim upon which relief can be granted; and (3) arguments on behalf of Defendant Wernle.

**A. The United States Properly Served the Kelbar Associates Trust**

The Barringers first argue that the United States failed to serve Kelbar Associates Trust at the Trust's headquarters. See Mot. to Dismiss ¶ 2.

The capacity of the Kelbar Associates Trust to be sued is determined by state law. See Fed.R.Civ.P. 17(b)(3)(A) (the capacity of parties other than an individual not acting in a representative capacity or a corporation is generally determined by the law of the state in which the court is located except that an unincorporated

association without capacity to be sued under state law may be sued in its common name to enforce a substantive right existing under the United States Constitution or laws). In Illinois, a written trust can be sued through its trustee in a representative capacity on behalf of the trust. See <u>Sullivan v. Kodsi</u>, 359 Ill. App. 3d 1005, 1010 (2005); <u>Trustees of Carpenters' Health & Welfare Trust Fund of St. Louis v. Darr</u>, 694 F.3d 803, 811 (7th Cir. 2012) (noting that "in Illinois, trustees in their representative capacity are the same entity as the trust"); 760 ILCS 5/4.11 (trustees have the power to "compromise, contest, prosecute or abandon claims or other charges in favor of or against the trust estate"). Therefore, the United States properly sued Kelbar Associates Trust through its trustee, Jerold W. Barringer, in his representative capacity.

Moreover, a trust is an unincorporated association. See <u>Soveral v. Franklin Trust</u>, No. 90-2052, 1991 WL 160339 at *2 (D.N.J. 1991). Federal Rule of Civil Procedure 4(h) provides that an unincorporated association may be served "by delivering a copy of the summons and of the complaint on to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1)(B). The

United States properly served Kelbar Associates Trust by serving Jerold W. Barringer as trustee of the Kelbar Associates Trust. See Summons (d/e 2); Return of Service (d/e 14).

**B. The Complaint States a Claim Upon Which Relief Can Be Granted**

The Barringers next make a number of arguments, pursuant to Federal Rule of Civil Procedure 12(b)(6), that the United States' Complaint fails to state a claim upon which relief can be granted.

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 547 (2007).  A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient.  Id.

1. The Barringers' Challenge to the Sufficiency of the Notices Does Not Warrant Dismissal of the Complaint

The Barringers argue that they "do not believe" that the notices of tax assessments and notice of federal tax liens complied with the law.  See Mot. to Dismiss ¶¶ 9, 10.  The Barringers assert that dismissal of the Complaint is therefore warranted.

The Barringers' argument that the notices might not have complied with the applicable law is not sufficient to demonstrate that the Complaint fails to state a claim.  A complaint is only required to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); Tamayo, 526 F.3d at 1081 (also providing that the complaint need only give the defendant fair notice of the claim and the basis of the

claim). The United States is not required to plead evidence. See Tamayo, 526 F.3d at 1081.

The Government has alleged that an assessment for deficiencies in taxes was made, notice and demand was sent, the Barringers failed to pay the deficiencies, and a tax lien attached to the properties. This is sufficient to state a claim. See United States v. Zabka, No. 10-1078, 2010 WL 2985356, at *2 (C.D. Ill. July 27, 2010) (Mihm, J.).

2. The United States is Not Required to Attach Exhibits to its Complaint

The Barringers next argue that, while the United States alleges that it has the right to proceed with the litigation, the United States did not attach the documents that authorized the United States to bring this action. The Barringers also argue that the United States did not attach the Notices of Federal Tax Liens referenced in the Complaint. See Mot. to Dismiss ¶¶ 1, 4.

Federal Rule of Civil Procedure 10(c) provides that a document attached to the complaint is considered "a part of the pleading for all purposes." Fed.R.Civ.P. 10(c). However, a plaintiff does not have to attach to the complaint the documents upon which the

action is based.  See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); Tamayo, 526 F.3d at 1081 (stating that a complaint need not include evidence). Therefore, the United States' failure to attach the referenced documents to the Complaint does not warrant dismissal.

3.     The United States is Properly Identified as the Plaintiff

The Barringers next argue that listing only the United States as Plaintiff, and not listing a specific agency, warrants dismissal. See Mot. to Dismiss ¶ 3.  However, the United States is the real party in interest in an action to enforce a federal tax lien.  See United States v. Kuyper, No. 11-4170, 2012 WL 1932111 at *3 n. 2 (D.S.D. May 29, 2012) (finding that "the United States government is the real party in interest in an action to enforce a federal tax lien"); United States v. Dawes, 161 F. App'x 742, 746 (10th Cir. 2005) (rejecting as frivolous the defendants' argument that the United States is not the proper plaintiff under 28 U.S.C. § 1345 in a case brought by the United States to reduce to judgment federal tax assessments and foreclose federal tax liens); 26 U.S.C. § 7403(a) ("In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof  . . . the Attorney

General or his delegate, at the request of the Secretary, may direct a civil action be filed in a district court of the United State to enforce the lien of the United States").

The Barringers also appear to argue that the United States does not have the authority to sue because the suit must be brought by an agency in the District of Columbia that has authorization from Congress to operate outside that jurisdiction. See Mot. to Dismiss, ¶ 3 citing 4 U.S.C. § 72 ("All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law"). Such argument has been rejected as frivolous. See, e.g., United States v. Springer, 444 F. App'x 256, 260-61 (10th Cir. 2011) (rejecting as patently frivolous the argument that 4 U.S.C. § 72 limited the Secretary of Treasury to collect taxes only within the territorial limits of Washington, D.C.). The Court finds that the United States is the proper Plaintiff.

4. The Court Will Not Strike the Opening Paragraph of the Complaint

The Barringers argue that the opening unnumbered paragraph of the Complaint appears to contain facts, which violates the

Federal Rule of Civil Procedure 10(b) requirement that all "allegations be specifically numbered and pled." Mot. to Dismiss ¶ 5; see Fed.R.Civ.P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). The Barringers alternatively assert that if the opening paragraph is not required for the allegations, the Court should strike that paragraph. Either way, the Barringers claim that the Complaint fails to succinctly and properly plead all relevant facts in numbered paragraphs and, therefore, the Complaint must be dismissed. See Mot. to Dismiss ¶ 5.

The opening paragraph of the Complaint does not contain any facts that are not included in the numbered paragraphs. The Barringers have not provided any basis on which the Court would either strike the opening paragraph or the entire Complaint.

5. <u>The Court Rejects the Barringers' "District Director" Argument</u>

The Barringers also argue that the Internal Revenue Service is required to operate through a series of internal revenue districts. According to the Barringers, the regulations require certain action by district directors that has not occurred, warranting dismissal of this cause of action. See Mot. to Dismiss ¶¶ 8, 11. While the Barringers' argument is not well developed, it is strikingly similar to

the argument Jerold Barringer raised before this Court in <u>United States v. Barringer</u>, No. 12-3324, 2013 WL 211044 (C.D. Ill. 2013).

In the earlier case, Jerold Barringer argued that the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685 (1998) eliminated internal revenue districts and district directors. Jerold Barringer argued that because "no new delegation individual in a statutory or regulatory structure has been identified," the United States did not have authority to enforce the Internal Revenue Service summons against him. <u>Barringer</u>, 2013 WL 211044 at *2.

Citing numerous other cases, this Court rejected Jerold W. Barringer's argument and found the United States had the authority to enforce the summons. <u>Id.</u> at *2; <u>see also</u> <u>Grunsted v. Commissioner</u>, 136 T.C. 455, 461 (2011) (noting that the Restructuring and Reform Act included a savings provision that kept in effect regulations that refer to officers whose positions no longer existed and specifically provided that nothing in the reorganization plan would impair any right or remedy to recover any penalty claimed to have been collected without authority); <u>United States v. Sanders</u>, No. 11-912, 2012 WL 4088823, at *7 (S.D. Ill.

2012) (finding the "district directors" argument meritless); <u>United States v. Miller</u>, 444 F. App'x 106, 107-08 (8th Cir. 2011) (rejecting argument that the IRS restructuring "abrogated the duty to pay taxes by eliminating the district offices where taxpayers previous filed returns"). For the reasons stated in <u>Barringer</u>, 2013 WL 211044 at *2, and the cases cited therein, the Court rejects the Barringers' argument.

6. <u>The United States Did Not Need Approval from the Local United States Attorney</u>

The Barringers next argue that the United States failed to demonstrate that it has the authority or permission to appear in the Central District of Illinois without the approval of the local United States Attorney, who is in charge of all actions filed on behalf of the government in the Central District of Illinois. <u>See</u> Mot. to Dismiss ¶ 12. However, 28 C.F.R. § 0.70(a) assigns the prosecution in all courts, other than the Tax Court, of civil suits and other matters arising out of the internal revenue laws to the Assistant Attorney General, Tax Division, as in this case.

## C. The Barringers Cannot Raise Arguments on Behalf of Defendant Wernle

The Barringers last argue that Defendant Wernle is not within the territorial jurisdiction of this Court and that if Wernle has a valid lien with priority, his lien will exceed and eliminate any claims to property by the United States. See Mot. to Dismiss ¶¶ 6, 7. Although Jerold W. Barringer is a licensed attorney, the Barringers make no claim that they represent Wernle. Therefore, these arguments are not properly before the Court.

## IV. CONCLUSION

For the reasons stated, the Barringers' Motion to Dismiss [10] is DENIED. The Barringers shall file an Answer to the Complaint on or before September 10, 2014.

ENTER: August 27, 2014

FOR THE COURT:

    s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE