IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) | |
| -vs- | ) | 14-3132 |
| Jerold W. Barringer, Individually and as Trustee of the Kelbar Associates Trust, Linda M. Barringer, Janet E. Chott-Beasely, Merle Wernle, State of Illinois, (IDOR), and Ron Jenkins, Montgomery County Teasurer | ) ) ) ) ) ) | |
| Defendants, | ) | |

FILED
SEP 11 2014
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## ANSWER

Come Now Defendants, Jerold Barringer and Linda Barringer, filing their answer as follows:

Defendants deny the general allegations listed in the opening unnumbered paragraph.

1. Defendants neither admit nor deny the allegations of paragraph 1, demanding instead strict proof that authority has been conferred by the appropriate authorities as demanded by the statutes and regulations.

2. Defendants deny that they live "in" Nokomis, Illinois, and as to the remainder of the allegations, demand strict proof thereof.

3. Defendants deny that they have been served sufficiently to warrant Kelbar Associates Trust to be a party served and thus within the jurisdiction of the Court. Each alleged service requires service of sufficient copies of documents, which has not occurred.

4. Defendants neither admit nor deny the allegations of paragraph 4, demanding instead strict proof that such service has been made, and that the individual listed in paragraph 4 has any

connection or interest with respect to the property alleged to be in question.

5. Defendants deny the allegations of paragraph 5, demanding strict proof thereof, and stating that upon information and belief, Defendants believe the individual named in paragraph 5 does not live within the jurisdictional boundaries of the Central District of Illinois.

6. Defendants neither admit nor deny the allegations of paragraph 6, demanding instead strict proof that such service has been made, and that the State of Illinois listed in paragraph 6 has any connection or interest with respect to the property alleged to be in question.

7. Defendants neither admit nor deny the allegations of paragraph 7, demanding instead strict proof that such service has been made, and that the individual listed in paragraph 7 has any connection or interest with respect to the property alleged to be in question.

8. Defendants neither admit nor deny the allegations of paragraph 8 with respect to the position that any property described is appropriate "Real Property" for purposes of the intent of the litigation, demanding instead strict proof as to the allegations contained therein, stating that Defendants do not believe Plaintiff, in whatever capacity Plaintiff alleges to exist and prosecute this case, has any valid lien with respect to any property connected in any way to the Defendants.

9. Defendants neither admit nor deny the allegations of paragraph 8 with respect to the position that any property described is appropriate "Real Property" for purposes of the intent of the litigation, demanding instead strict proof as to the allegations contained therein, stating that Defendants do not believe Plaintiff, in whatever capacity Plaintiff alleges to exist and prosecute this case, has any valid lien with respect to any property connected in any way to the Defendants.

10. Defendants restate the responses contained in paragraphs 1 - 9.

11. Defendant denies that there was a proper assessment made by a properly delegated

representative of the Secretary of the Treasury; denies that the Secretary of the Treasury had the authority to make the assessments in the time periods made as a result of changes in the statutes and regulations, and denies that the Secretary of the Treasury had the authority to include penalties and interest within the assessments. Defendant further denies that the notice of assessment, lien and notice of lien followed proper statutes and regulations with respect to implementation of the same, thus denies that any money is due and owing at this time.

12. Defendant restates and re-alleges the allegations of paragraph 11 as the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13, and further restates and re-alleges the allegations of paragraph 11 as the allegations of paragraph 13.

14. Defendants restate the responses contained in paragraphs 1 - 13.

15. Defendants deny that there was a proper assessment made by a properly delegated representative of the Secretary of the Treasury; deny that the Secretary of the Treasury had the authority to make the assessments in the time periods made as a result of changes in the statutes and regulations, and deny that the Secretary of the Treasury had the authority to include penalties and interest within the assessments. Defendants further deny that the notice of assessment, lien and notice of lien followed proper statutes and regulations with respect to implementation of the same, thus denies that any money is due and owing at this time.

16. Defendants restate and re-allege the allegations of paragraph 15 as the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17, and further restate and re-allege the allegations of paragraph 15 as the allegations of paragraph 17.

18. Defendants restate the responses contained in paragraphs 1 - 17.

19. Defendants deny that a proper tax lien arose pursuant to 6321 and 6322. Defendants deny that there was a proper assessment made by a properly delegated representative of the Secretary of the Treasury; deny that the Secretary of the Treasury had the authority to make the assessments in the time periods made as a result of changes in the statutes and regulations, and deny that the Secretary of the Treasury had the authority to include penalties and interest within the assessments. Defendants further deny that the notice of assessment, lien and notice of lien followed proper statutes and regulations with respect to implementation of the same, thus denies that any money is due and owing at this time.

20. Defendants deny the allegations of paragraph 20, and request the Court move to strike such irrelevant allegations.

21. Defendants deny the allegations of paragraph 21, and demand strict proof of such claims made by the Plaintiff.

22. Defendants deny the allegations of paragraph 22, and demand strict proof of such claims made by the Plaintiff.

23. Defendants deny that there was a proper assessment made by a properly delegated representative of the Secretary of the Treasury; deny that the Secretary of the Treasury had the authority to make the assessments in the time periods made as a result of changes in the statutes and regulations, and deny that the Secretary of the Treasury had the authority to include penalties and interest within the assessments. Defendants further deny that the notice of assessment, lien and notice of lien followed proper statutes and regulations with respect to implementation of the same, thus denies that any money is due and owing at this time.

24. Defendants deny that any action should be taken, and demand proof on all issues, and all allegations, with supporting documentation, that the Plaintiff had the delegated authority to take any action with respect to Defendants, or any property listed in this complaint. Defendants deny that there was a proper assessment made by a properly delegated representative of the Secretary of the Treasury; deny that the Secretary of the Treasury had the authority to make the assessments in the time periods made as a result of changes in the statutes and regulations, and deny that the Secretary of the Treasury had the authority to include penalties and interest within the assessments. Defendants further deny that the notice of assessment, lien and notice of lien followed proper statutes and regulations with respect to implementation of the same, thus denies that any money is due and owing at this time.

WHEREFORE, Defendants demand the Court dismiss this action with prejudice for the reasons stated herein.

_____
Jerold Barringer
200 W. Front St.
P.O. Box 213
Nokomis, IL 62075
217/563-2646

_____
Linda Barringer
200 W. Front St.
P.O. Box 213
Nokomis, IL 62075
217/563-2646

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the attorneys for Plaintiff Steven M. Dean, Trial Attorneys, Tax Division, P.O. Box 55, Ben Franklin Station, Washington, DC 20044, by enclosing the same in an envelope, postage prepaid, and deposited in the U.S. Mail in Nokomis, IL 62075 on the 9th day of September, 2014 before 5:00 p.m.

*/s/ Jerold Barringer*
Jerold Barringer